UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| TRICIA MARIE MYERS, | |
| Plaintiff, | Civil No. 24-1395 (JRT/LIB) |
| v. | |
| ITASCA COUNTY HRA, DIANE LARSON, CARRIE SCHMITZ, and KENDA RODDENBERG, | MEMORANDUM OPINION AND ORDER DENYING MOTIONS FOR INJUNCTIVE RELIEF |
| Defendants. | |

---

Tricia Marie Myers, 414 West First Street, Duluth, MN 55802, *pro se* Plaintiff.

Mary G. Dobbins, **LANDRUM DOBBINS LLC**, 7400 Metro Boulevard, Suite 100, Edina, MN 55439, for Defendants.

For two years, Plaintiff Tricia Marie Myers used Section 8 vouchers from the Itasca County Housing & Redevelopment Authority ("HRA") to afford housing in Grand Rapids, Minnesota. (Am. Compl. at 4, May 3, 2024, Docket No. 5.) But upon recertification in October 2023, the HRA concluded they had overpaid Myers due to backdated increases in her son's earnings. (*Id.*) Despite disagreement with the overpayment calculation, Myers agreed to pay back part of her benefits to avoid termination of her housing vouchers. (*Id.*) At some point, Myers reported to the HRA a fire in her home, inhabitability, and an alleged retaliatory eviction by her landlord. (*Id.*) The HRA then

terminated her vouchers without the opportunity for Myers to contest the termination in a formal hearing. (*Id.*)

Myers subsequently brought this action against the Itasca County HRA, as well as HRA employees Diane Larson, Carrie Schmitz, and Kenda Roddenberg in their official and individual capacities—alleging violations of her due process and equal protection rights. (*Id.* at 2–3.) Myers now asks for injunctive relief from the Court to prohibit the Itasca County District Court and the Minnesota Court of Appeals from moving forward with criminal prosecution that she alleges is in retaliation for this lawsuit and other claims filed against entities in Itasca County. (Mot. Inj., Mot. Expedited Review & Inj., Jan. 13, 2025, Docket Nos. 32, 33.)

For any one of a few reasons, the motions for injunctive relief must be denied.

First, Myers does not have standing to seek this relief. The alleged harm Myers asserts in her injunctive relief motions flows from the Itasca County District Court. But the Itasca County District Court is not a party to this case; the only named defendants are the Itasca County HRA and its employees. Myers has no standing to seek injunctive relief against the named defendants here for alleged harms perpetuated by the Itasca County District Court. *See Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016) (holding plaintiffs must demonstrate Article III standing by showing they have suffered an injury in fact that is both fairly traceable to the defendant's conduct and likely to be redressed by the relief

sought). Because Myers lacks standing to seek relief for harm not remotely traceable to the named defendants' conduct, her motions for injunctive relief must be denied.

Second, even if Myers had standing, Congress has forbidden this particular relief through the Anti-Injunction Act. *See* 28 U.S.C. § 2283 ("A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments."); *see also Ark. Blue Cross & Blue Shield v. Little Rock Cardiology Clinic, P.A.*, 551 F.3d 812, 818 (8th Cir. 2009) (noting the Anti-Injunction Act "restricts federal courts' authority to issue" injunctions against state proceedings). Because the Court is prohibited from providing the relief Myers seeks, her motion for injunctive relief must be denied on that basis, as well.

Finally, to the extent Myers seeks to overturn decisions already rendered by the state courts, her proper remedy is not an appeal directly to a federal district court, but first to Minnesota appellate courts and eventually the United States Supreme Court. *See Mosby v. Ligon*, 418 F.3d 927, 931 (8th Cir. 2005) ("The *Rooker-Feldman* doctrine provides that, with the exception of habeas corpus petitions, lower federal courts lack subject matter jurisdiction over challenges to state court judgments." (internal quotation marks and citation omitted)). At least insofar as Myers seeks to overturn already issued state decisions, the *Rooker-Feldman* doctrine also requires the Court to deny Myers's motions for injunctive relief.

-4-

Because Myers is not entitled to injunctive relief with respect to the Itasca County District Court, the Court will deny Myers's motions for injunctive relief.

**ORDER**

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Plaintiff's Motion for Injunction [Docket No. 32] and Motion for Expedited Review and Injunction [Docket No. 33] are **DENIED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED: May 2, 2025
at Minneapolis, Minnesota.

JOHN R. TUNHEIM
United States District Judge