UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| TRICIA MARIE MYERS, | |
| | Civil No. 24-1395 (JRT/LIB) |
| Plaintiff, | |
| v. | |
| ITASCA COUNTY HRA, DIANE LARSON, CARRIE SCHMITZ, and KENDA RODDENBERG, | **MEMORANDUM OPINION AND ORDER DENYING MOTION FOR ADDITIONAL TIME TO CONDUCT DISCOVERY** |
| Defendants. | |

Tricia Marie Myers, General Delivery, Duluth, MN 55806, *pro se* Plaintiff.

Mary G. Dobbins, **LANDRUM DOBBINS LLC**, 7400 Metro Boulevard, Suite 100, Edina, MN 55439, for Defendants.

Plaintiff Tricia Marie Myers brought this action against the Itasca County Housing and Redevelopment Authority ("HRA"), as well as HRA employees Diane Larson, Carrie Schmitz, and Kenda Roddenberg in their official and individual capacities, alleging violations of her due process and equal protection rights in terminating her section 8 housing vouchers. (Am. Compl. at 4, May 3, 2024, Docket No. 5.) Defendants moved for summary judgment. (Mot. Summ. J., May 30, 2025, Docket No. 53.) Myers, proceeding pro se, seeks an extension of time to conduct "limited but essential" discovery before the

Defendants' summary judgment motion is decided. (Mot. Additional Time, June 11, 2025, Docket No. 60.)[1]

Summary judgment is appropriate where there are no genuine issues of material fact and the moving party can demonstrate that it is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(a). Once a summary judgment motion has been filed, the nonmoving party may request a continuance to obtain additional discovery if it "shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition." Fed. R. Civ. P. 56(d). Specifically, a party seeking to extend the time for additional discovery must show "(1) that they have set forth in affidavit form the specific facts that they hope to elicit from further discovery, (2) that the facts sought exist, and (3) that these sought-after facts are essential to resist the summary judgment motion." *Toben v. Bridgestone Retail Operations, LLC*, 751 F.3d 888, 895 (8th Cir. 2014) (quotation omitted). A district court has "wide discretion" in ruling on a motion under Rule 56(d). *Id.*

Here, Myers has not shown a delay is necessary. With the additional time, Myers intends to depose seven witnesses and requests broad document production of internal records. But Myers had several months to obtain the discovery she needed, and fact

---

[1] The Court observes several case citations in Myers's motion that appear to be entirely fabricated. The Court reminds Myers that she must only present legitimate legal authority to the Court and that any future instances of similar conduct may be subject to sanctions despite her pro se status.

discovery closed several months ago. (*See* Pretrial Scheduling Order at 2, July 30, 2024, Docket No. 23.) More importantly, Myers provides no information as to how any additional facts from this discovery might help her prevail on summary judgment.

The Court will therefore deny the Motion for Additional Time.

## ORDER

Based on the foregoing and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Plaintiff's Motion for Additional Time to Conduct Discovery [Docket No. 60] is **DENIED.** Plaintiff will have 21 days from the issuance of this Order to file and serve her response to Defendant's Motion for Summary Judgment.

DATED: July 15, 2025                          \_\_\_\_s/John R. Tunheim\_\_\_\_\_
at Minneapolis, Minnesota.                   JOHN R. TUNHEIM
                                                     United States District Judge