UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| TRICIA MARIE MYERS,<br><br>Plaintiff,<br><br>v.<br><br>ITASCA COUNTY HRA, DIANE LARSON, CARRIE SCHMITZ, and KENDA RODDENBERG,<br><br>Defendants. | Civil No. 24-1395 (JRT/LIB)<br><br>MEMORANDUM OPINION AND ORDER DENYING PLAINTIFF'S MOTION TO VACATE SUMMARY JUDGMENT AND GRANTING PLAINTIFF'S MOTION TO EXTEND TIME TO FILE NOTICE OF APPEAL AND APPLICATION TO PROCEED IN FORMA PAUPERIS ON APPEAL |

Tricia Marie Myers, General Delivery, Duluth, MN 55806, *pro se* Plaintiff.

Mary G. Dobbins, **LANDRUM DOBBINS LLC**, 7400 Metro Boulevard, Suite 100, Edina, MN 55439, for Defendants.

Plaintiff Tricia Marie Myers had her housing vouchers terminated after the Itasca County Housing and Redevelopment Authority ("HRA") discovered Myers had engaged in illicit drug use. Myers brought an action against HRA and several of its employees (collectively, Defendants) alleging violations of her due process and equal protection rights due to the loss of her housing vouchers. The Court granted Defendants' Motion for Summary Judgment because it found that HRA had provided Myers and her family with the kind of notice and opportunity to be heard that the relevant regulations and the Constitution require—including offering Myers an informal hearing to contest the HRA's

findings that Myers waived.  (Mem. Op. Order, Aug. 19, 2025, Docket No. 68.)  The Court entered judgment on August 20, 2025 (Docket No. 69).

On September 23, 2025, Myers filed a motion to vacate the Court's summary judgment order (Docket No. 70), but before the Court could act on that motion, on October 15, 2025, Myers filed a Notice of Appeal to the Eighth Circuit and a motion to Extend Time to File Notice of Appeal.  On October 16, 2025, Myers filed an application to proceed in forma pauperis ("IFP") on appeal.

**Motion to Vacate Summary Judgment**

Myers' Motion to Vacate Summary Judgment (Docket No. 70) was filed more than 28 days after entry of the summary judgment.  For this reason alone, the Court will deny the motion.  The Court will also deny the motion because, as explained below, it was an improperly brought motion to reconsider.

Myers indicates in her Motion to Vacate Summary Judgment (Docket No. 70) that the motion is brought under Federal Rule of Civil Procedure 59(e).[1]  But in her memorandum in support of the motion (Docket No. 71), Myers does not seek to alter or amend the Court's judgment but, rather, to have the Court reconsider its prior Order and issue one in her favor.

---

[1] Federal Rule of Appellate Procedure 4(a)(4)(B) states that if "a party files a notice of appeal after the court announces or enters a judgment—but before it disposes of any motion listed in Rule 4(a)(4)(A) [which includes a motion to alter or amend judgment under Rule 59]—the notice becomes effective to appeal a judgment or order, in whole or in part, when the order disposing of the last such remaining motion is entered.

"Rule 59(e) motions cannot be used to introduce evidence that was available prior to entry of judgment, to re-litigate old issues or to advance new theories and are not intended to routinely give litigants a second bite at the apple, but to afford an opportunity for relief in extraordinary circumstances." *Nordgren v. Hennepin Cnty.*, Civ. No. 21-125, 2022 WL 1125955, at *1 (D. Minn. Apr. 15, 2022) (internal quotation marks omitted). "Thus, when a motion under Rule 59(e) seeks essentially the same relief as that denied by the [Court's previous] Order, the Motion will be construed as a motion to reconsider." *Id.* (quoting *United States v. Petters*, Civ. No. 08-5348, 2016 WL 4925783, at *1 (D. Minn. Sept. 15, 2015)) (internal quotation marks omitted).

Myers' Motion to Vacate Summary Judgment seeks virtually the same relief that was denied by the Court's summary judgment order, so the motion will be construed as a motion to reconsider. But in this District, a party cannot file a motion to reconsider unless the party obtains the court's permission and shows "compelling circumstances." D. Minn. LR 7.1(j). Because Myers neither sought nor received the Court's permission to file such a motion and has not otherwise shown compelling circumstances, the Court will deny Myers' Motion to Vacate Summary Judgment.

**Motion to Extend Time**

Federal Rule of Appellate Procedure 4(a)(1)(A) states that an appeal in a civil case must be filed within 30 days after the judgment or order appealed from is entered. In this instance, Myers did not file her notice of appeal until October 15, 2025, more than 30 days after judgment was entered. A district court may, however, extend the time to file

a notice of appeal if: (1) the motion is filed within thirty days of the original thirty-day deadline to file a notice of appeal; and (2) the moving party shows excusable neglect or good cause.  Fed. R. App. P. 4(a)(5).

Myers has satisfied the first requirement of Rule 4(a)(5)(A) because her motion to extend her time to file her appeal[2] was filed within 30 days after the deadline for filing her notice of appeal.

The inquiry as to whether a party has shown good cause or excusable neglect is an "equitable one" that takes "account of all relevant circumstances."  *Gibbons v. United States*, 317 F.3d 852, 854 (8th Cir. 2003) (citation omitted).  Courts may consider several factors, including potential prejudice to other parties, the length of the delay at issue, and the "good faith" of the party seeking an extension of the filing deadline.  *Id.*  However, the most critical factor will always be the "reason-for-delay factor," which considers the nature, credibility and persuasiveness of the excuse proffered by the moving party.  *Id.* (quoting *Lowry v. McDonnell Douglas Corp.*, 211 F.3d 457, 463 (8th Cir. 2000)).

Myers indicates that she was not immediately aware of the entry of judgment and, operating *pro se*, found the post-judgement procedural rules complex.  While the Court notes that Myers chose to appeal only after Defendants' memorandum pointed out that her motion to vacate the Court's summary judgment order was not timely, the Court

---

[2] Myers concurrently filed a Notice of Appeal.  (October 15, 2025, Docket No. 77.)

-4-

nevertheless finds both of her excuses credible.  Myers has frequently been unhoused, making notice (even by electronic means) more difficult.  Moreover, the Court does not expect the same familiarity with the relevant rules from *pro se* litigants as it expects from counsel.  Accordingly, the Court finds good cause to extend the deadline for Myers to file a notice of appeal and will extend that deadline to October 18, 2025, meaning that Myers' October 15, 2025 Notice of Appeal was timely.

**IFP on Appeal**

A party seeking to be excused from paying the filing fee for an appeal in a federal case may apply for IFP status under 28 U.S.C. § 1915.  To qualify for IFP status, the litigant must demonstrate that they cannot afford to pay the full filing fee.  28 U.S.C. § 1915(a)(1).  Even if a litigant is found to be indigent, IFP status will be denied if the Court finds that the litigant's appeal is "not taken in good faith."  *Id.* § 1915(a)(3).

Myers has satisfied both requirements to proceed IFP on appeal.  First, Myers' application demonstrates that she is unable to pay the full filing fee.[3]  Second, while the Court believes Myers' appeal is unlikely to be successful for the reasons set forth in its summary judgment opinion, the Court believes Myers' appeal is made in good faith—and, thus, Myers has the right to be heard on appeal.

The Court will, therefore, grant Myers' application to proceed IFP.

---

[3] The Transmittal of Appeal also indicates that the statutory filing fee has been waived because an "Application for IFP [was] granted at beginning of case[.]"  (Oct. 16, 2025, Docket No. 79.)

**ORDER**

Based on the foregoing and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Myers' Motion to Vacate Summary Judgment [Docket No. 70] is **DENIED**.

2. Myers' Motion to Extend Time to File Notice of Appeal [Docket No. 78] is **GRANTED**.

3. Myers' Application to Proceed In Forma Pauperis on Appeal [Docket No. 80] is **GRANTED**.

DATED: December 4, 2025  
at Minneapolis, Minnesota.                                    JOHN R. TUNHEIM